IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00063-WYD-CBS

DAVIS SAVOY THOMAS,
 Plaintiff,
v.

US BUREAU OF PRISONS,
CALVIN L. POLLAND,
C.B. COLLINS,
R. MILLER,
G. DRENNAN,
JOHN DOE,
PAULA PRICE,
HECTOR A. RIOS, JR., and
J.E. GUNJA,
 Defendants.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on: (1) Thomas' "Motion for Appointment of Expert Witnesses" (doc. # 18), and (2) Thomas' "Motion for the Appointment of Counsel" (doc. # 19), both filed on June22, 2006. Pursuant to the Order of Reference dated June 2, 2006 (doc. # 16) and the memorandum dated June 23, 2006 (doc. # 21), these matters were referred to the Magistrate Judge. The court has reviewed the motions, the entire case file, and the applicable law and is sufficiently advised in the premises.

1. The court finds no authority to appoint and pay an expert to assist an indigent litigant in the preparation of a civil suit for damages. Section 1915(c) provides in part that "[w]itnesses shall attend as in other cases." It does not authorize the government to pay or advance the fees and expenses for witnesses. The right of access to the courts does not extend to provide witness fees for a witness an *in forma pauperis* prisoner claims to be essential to his case. *Johnson v. Hubbard*, 698 F.2d 286, 288-90 (6th Cir. 1983). *See*

*also Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir.1987) (affirming district court's refusal to appoint an expert at government expense); *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) (court "directed to no statutory authority nor to any appropriation to which the courts may look for payment of expert witness fees in civil suits for damages") (citations omitted). "[P]laintiffs' . . . dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems." *Boring v. Kozakiewicz*, 833 F.2d at 474. "Nonprisoners often resolve that difficulty through contingent fee retainers with provisions for arranging expert testimony." *Boring v. Kozakiewicz,* 833 F.2d at 474. By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages." *Boring v. Kozakiewicz*, 833 F.2d at 474.

Under Fed. R. Evid. 706(a), a trial court may, on its own motion or on the motion of a party, appoint an expert witness selected by the parties or of its own choosing. However, the Rule provides that, in civil actions not involving just compensation under the Fifth Amendment, an expert so appointed "shall be paid by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs." Fed. R. Evid. 706(b).

Thomas' request for appointment of expert witnesses is properly DENIED.

2.     Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or

"coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted). In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has given careful consideration to Thomas' request for appointed counsel and to all of the appropriate factors. As a *pro se* litigant, Thomas is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Thomas has thus far adequately expressed himself and presented his claims unaided by counsel. Upon initial review of Thomas' Amended "Prisoner Complaint" (doc. # 4), the court does not find sufficient reason to warrant the appointment of counsel at this time. The court is within its discretion in declining to request counsel to represent Thomas.

Accordingly, IT IS ORDERED that:

1. Thomas' "Motion for Appointment of Expert Witnesses" (filed June 22, 2006)

(doc. # 18) is DENIED.

    2.    Thomas' "Motion for the Appointment of Counsel" (filed June 22, 2006) (doc. # 19) is DENIED.

DATED at Denver, Colorado, this 3rd day of July, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge