IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00063-WYD-CBS

DAVID SAVOY THOMAS,
    Plaintiff,
v.

U.S. BUREAU OF PRISONS,
CALVIN L. POLLAND,
C.B. COLLINS,
R. MILLER,
G. DRENNAN,
JOHN DOE,
PAULA PRICE,
HECTOR A. RIOS, JR., and
J.E. GUNJA, jointly, individually and in their official capacity,
    Defendants.
_____

ORDER
_____

    This civil action comes before the court on Thomas' letter (filed July 14, 2006) (doc. # 35) (docketed by the Clerk of the Court as "Motion for Order to assist with the process of [Plaintiff's] case). Thomas asks an employee of the Clerk's of the court for "assistance in effectuating service of summons and complaint on the nine individuals listed as defendants" and "whether the filing of a Certificate of Review was required by the U.S. District Court in F.T.C.A. actions . . . ." Pursuant to the Order of Reference dated June 2, 2006 (doc. # 16) and the memorandum dated July 17, 2006 (doc. # 36), Thomas' letter was referred to the Magistrate Judge.

    First, Thomas is required to comply with Fed. R. Civ. P. 5(a) and (b) by serving by mail on Defendants' counsel copies of all papers filed with the court, including an appropriate certificate of service. It is apparent from the letter itself that Thomas did not serve a copy of the document on the Defendants.

    Second, Thomas' question regarding "whether the filing of a Certificate of Review was required by the U.S. District Court in F.T.C.A. actions . . . " asks for legal advice that

the Court's employees cannot provide.

Third, Thomas' request for "assistance in effectuating service of summons and complaint on the nine individuals listed as defendants" is unnecessary. On April 24, 2006, the court granted service by United States Marshal. (*See* doc. # 12). Waivers of service have been filed for 4 Defendants so far. (*See* docs. # 31, 32, 33, and 34). All of the named Defendants have filed a Motion to Dismiss to the extent that they are sued in their official capacities. (*See* doc. # 27).

Fourth, there is no provision in the Federal Rules of Civil Procedure for the naming of fictitious or anonymous parties in a lawsuit. *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984); *Coe v. U.S. Dist. Court for Dist. of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982). To the contrary, the Federal Rules provide:

> "[e]very pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint, the title of the action shall include the names of all the parties . . . ."

Fed. R. Civ. P. 10(a). This civil action may not proceed against Defendant "John Doe."

Accordingly,

IT IS ORDERED that the relief requested in Thomas' letter (docketed by the Clerk of the Court as "Motion for Order to assist with the process of [Plaintiff's] case) (filed July 14, 2006) (doc. # 35) is DENIED.

DATED at Denver, Colorado, this 24th day of July, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge