IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00063-WYD-CBS,

DAVID SAVOY THOMAS,

    Plaintiff,

v.

U.S. BUREAU OF PRISONS,
CALVIN L. POLLAND,
C.B. COLLINS,
R. MILLER,
G. DRENNAN,
JOHN DOE,
PAULA PRICE,
HECTOR A. RIOS, J.R., and
J.E. GUNJA,

    Defendant(s).

**ORDER AFFIRMING IN PART AND REJECTING IN PART
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**

THIS MATTER  is before the Court on Defendants' Motion to Dismiss to the extent Defendants are sued in their Official Capacities [Docket #27], which was filed on July 3, 2006.  The matter was referred to Magistrate Judge Shaffer for a recommendation by Order of Reference dated July 5, 2006.  Magistrate Judge Shaffer issued a Recommendation on September 15, 2006, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), F<span style="font-variant:small-caps">ED</span>. R. C<span style="font-variant:small-caps">IV</span>. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate Judge Shaffer recommends therein that Plaintiff's " Amended Complaint be

dismissed with prejudice for failure to exhaust administrative remedies." *See* Recommendation at 12.

On October 13, 2006, Plaintiff filed a timely objection, which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

I.    Plaintiff's Objections

In his Objection, Plaintiff objects to three of the Magistrate Judge's recommendations. First, Plaintiff objects to the "Recommendation of the Magistrate Judge to grant Defendants' Motion to Dismiss his Eight Amendment claim against all named government officials in their individual capacities." [Docket #55]. Second, Plaintiff objects to the Magistrate Judge's conclusion that a certificate of review is required in order to bring a claim against the United States pursuant to the Federal Tort Claims Act ("FTCA"). [*Id.*] Third, Plaintiff objects to the Magistrate Judge's conclusion that the entire Amended Complaint must be dismissed because Plaintiff failed to exhaust his administrative remedies. [*Id.*]

A.    Claims for Damages Against Officials in their Official Capacities

Plaintiff's first objection is without merit. In his Recommendation, Magistrate Judge Shaffer recognizes that a plaintiff can bring a claim against named government officials in their individual capacities pursuant to the principles set forth in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). Recommendation at 4-5. Plaintiff, in his Objection, states that "Plaintiff has repeatedly maintained throughout his pro se pleading that his Eighth Amendment claim was

brought pursuant to *Bivens*, 403 U.S. at 388, explicitly against all named government officials contained in the caption of his complaint in their individual capacites." [Docket #55 at 2]. Further, Plaintiff asserts that "only government officials named in the caption of his complaint are to be sued in their individual capacities." *Id.* at 3. Plaintiff does not argue that his claims are proper against government officials in their official capacities. Accordingly, Magistrate Judge Shaffer's conclusion that "sovereign immunity bars [Plaintiff's] *Bivens* claim against the United States" is proper.

B.  Plaintiff's Claim Pursuant to the Federal Tort Claims Act

Plaintiff concedes that the United States is "the only proper named Defendant as to his tort claims." Magistrate Shaffer recommends that Plaintiff's third claim for relief be dismissed against the United States because Plaintiff failed to file a certificate of review. Recommendation at 7. Colo. Rev. Stat § 13-20-602(1) requires a plaintiff to file a certificate of review to pursue a claim alleging professional negligence by a licensed professional. Colo. Rev. Stat. § 13-20-602(1) reads, in relevant part:

> In every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each . . . licensed professional named as a party, as specified in subsection (3) of this section, within sixty days after the service of the complaint, counterclaim, or cross claim against such person unless the court determines that a longer period is necessary and for good cause shown.

Colo. Rev. Stat. § 13-20-602(1) has also been interpreted to require a plaintiff to file a certificate of review in pursuing a claim alleging professional negligence by a licensed professional against the United States pursuant to the FTCA. *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1117 (10th. Cir. 2004).

In *Hill*, the plaintiff failed to file a certificate of review and argued that the requirement should not apply to his FTCA claim against the United States. *Id.* The court rejected plaintiff's argument and held that plaintiff's failure to file the certificate required dismissal of the plaintiff's FTCA claims. *Id.* at 1118. Important to the court's reasoning was the fact that the "FTCA provides that the United States shall be liable under state tort law only 'in the same manner and to the same extent as a private individual under like circumstances.'" *Id.* at 1117. Further, the court held the "certificate of review requirement applies whether or not the plaintiff is represented by counsel." *Id.*

The situation in *Hill* mirrors the case at hand. Plaintiff Thomas did not file a certificate of review, but instead argues that this requirement should not apply to his FTCA claim against the United States. In light of the court's decision in *Hill*, Plaintiff's argument is without merit and must be rejected. Accordingly, I affirm Magistrate Judge Shaffer's recommendation to dismiss Plaintiff's third claim for relief.

C.   Exhaustion of Administrative Remedies

Magistrate Judge Shaffer further recommended that Plaintiff's Complaint be dismissed for failure to exhaust administrative remedies. Recommendation at 11. Defendants argue that Plaintiff bears the burden of demonstrating exhaustion of administrative remedies for all claims raised against the Defendants. [Docket #27]. Furthermore, Defendants argue that a complaint that fails to alleged exhaustion of administrative remedies constitutes a failure to state a claim upon which relief can be granted. *Id.* Finally, Defendants argue that the entire Amended Complaint should be dismissed because Plaintiff has failed to demonstrate exhaustion

of his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). *Id.*

Section 1997e(a) reads, in relevant part:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or correctional facility until such administrative remedies as are available are exhausted.

Magistrate Judge Shaffer issued his recommendation prior to the recent Supreme Court case of *Jones v. Block*, __ S.Ct. __, 2007 U.S. LEXIS 1325 (U.S. Jan. 22, 2007)(NO. 05-7058, 05-7142). In *Jones v. Block*, the Supreme Court analyzed the exhaustion requirement under the PLRA; the Supreme Court's decision abrogated prior Tenth Circuit precedent. Accordingly, I will address Plaintiff's claim in light of the Supreme Court's recent decision.

In *Jones*, the Court held that failure to exhaust administrative remedies under PLRA is an affirmative defense, rather than a pleading requirement. *Id.* at 31. Therefore, a plaintiff is not required to demonstrate exhaustion in their complaint. *Id.* However, if a complaint shows on its face that the plaintiff is not entitled to relief, the Court held that the complaint can be dismissed for failure to state a claim. *Id.* at 29.

Applying *Jones* to the case at bar, Plaintiff is not required to plead exhaustion of remedies. Additionally, Plaintiff's complaint, on its face, does not show that relief is barred by lack of exhaustion of administrative remedies. Indeed, Plaintiff states that "he has done all that is humanly possible and required once his claims accrued to exhaust all available administrative remedies including filing of a claim with the regional office of the U.S. Bureau of Prisons." [Docket #55]. Because Plaintiff is not required to

demonstrate exhaustion in his complaint, I find that Defendants' Motion to Dismiss for failure to Exhaust Administrative Remedies [Docket #27] is without merit and should be Denied.

Furthermore, the Court held that the PLRA does not contain a total exhaustion requirement; therefore, the PLRA does not require the dismissal of an entire cause of action that contains both exhausted and unexhausted claims. *Id.* at 37.

II. Conclusion

Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of Magistrate Judge Shaffer dated September 15, 2006 is **AFFIRMED IN PART AND REJECTED IN PART**. Specifically, it is

ORDERED that Defendants' Motion to Dismiss to the extent that Defendants are sued in their official capacities [Docket #27] is **GRANTED in part and DENIED in part**. It is **GRANTED** as to the argument that Plaintiff's third claim for relief, pursuant to the FTCA, should be dismissed. It is **DENIED** in all other respects. In accordance therewith, it is

ORDERED that Plaintiff's third claim for relief is **DISMISSED WITH PREJUDICE**.

Dated: February 7, 2007

                                      BY THE COURT:

                                      s/ Wiley Y. Daniel
                                      Wiley Y. Daniel
                                      U. S. District Judge