IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00063-WYD-CBS

DAVID SAVOY THOMAS,

    Plaintiff,

v.

U.S. BUREAU OF PRISONS,
CALVIN L. POLLAND,
C.B. COLLINS,
R. MILLER,
G. DRENNAN,
JOHN DOE,
PAULA PRICE,
HECTOR A. RIOS JR.,
J.E. GUNJA, and
UNITED STATES OF AMERICA,

    Defendants.

## ORDER

This matter is before the Court on Defendants' Motion for Clarification or, in the alternative, reconsideration of the Court's February 7, 2007, Order [Docket # 71]. Defendants ask for clarification regarding two issues addressed in the February 7th Order.  First, Defendants ask that this Court clarify that Plaintiff's First Claim–alleging a violation of the Eighth Amendment–be dismissed against the Defendants to the extent they are sued in their official capacities.  Second, Defendants ask that this Court clarify whether or not Claim Two–alleging that Defendants violated "Federal and State Laws"–is dismissed against Defendants to the extent they are sued in their official

capacities. In the alternative, Defendants ask that this court reconsider its decision in the February 7th Order and dismiss Plaintiff's Second Claim for Relief.

First, Defendants ask that this Court clarify whether or not the First Claim for Relief is dismissed against the United States and Defendants in their official capacities. This Court, in its February 7th Order, agreed with Magistrate Judge Shaffer's Recommendation that Plaintiff's First Claim for Relief can only be brought against Defendants in their individual capacities. (Order at 3). Accordingly, Plaintiff's First Claim for Relief is dismissed to the extent this claim is brought against the United States and Defendants in their official capacities.

Second, Defendants request that this Court clarify whether or not this Court dismissed Plaintiff's Second Claim for Relief. Defendants argue that the reasoning in this Court's February 7th Order requires Plaintiff's Second Claim for Relief be dismissed because this claim is "in the nature of a tort claim." (Pl. Mtn. at 6). To the extent that Defendant's second claim for relief is alleging a violation of tort law, this claim is dismissed for the reasons stated in this Court's February 7th Order. However, the second claim for relief is very broad–alleging violations of "Federal and State law." To the extent that the second claim for relief can be read to include non-tort claims, the second claim for relief is not dismissed.

In the alternative, Defendants ask this Court to dismiss Plaintiff's Second Claim for Relief in its entirety. As grounds therefor, Defendants argue that 28 C.F.R. Section 45 does not provide a private right of action. (Defs. Mtn. at 6). This argument is brought for the first time in Defendants' Motion for Clarification or, in the alternative, Reconsideration. Because this argument was not asserted in Defendants' original

Motion to Dismiss, Plaintiff has not had an opportunity to respond to this argument. In a motion for reconsideration, "it is not appropriate to . . . advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Accordingly, I deny Defendants request that this Court reconsider its prior Order and hold that Plaintiff's Second Claim for Relief should be dismissed in its entirety.

Accordingly, it is

ORDERED that Defendants' Motion for Clarification or, in the alternative, reconsideration [Docket #71] is **GRANTED in part and DENIED in part**. To the extent that Defendants seek Clarification, the motion is **GRANTED**. To the extent that Defendants seek Reconsideration, the motion is **DENIED**. In accordance therewith, it is

ORDERED that Plaintiff's first claim for relief is **DISMISSED** to the extent that it is brought against the United States and Defendants in their Official Capacities. It is

FURTHER ORDERED that Plaintiff's second claim for relief is **DISMISSED** to the extent that it is alleging violations of tort law.

Dated: March 13, 2007

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
U. S. District Judge