IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00063-WYD-CBS

DAVID SAVOY THOMAS,
 Plaintiff,
v.

US BUREAU OF PRISONS,
CALVIN L. POLLAND,
C.B. COLLINS,
R. MILLER,
G. DRENNAN,
JOHN DOE,
PAULA PRICE,
HECTOR A. RIOS, JR., and
J.E. GUNJA,
 Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on, *inter alia*, "Defendants' Motion to Dismiss to the Extent Defendants are Sued in Their Individual Capacities" (filed September 15, 2006) (doc. # 48).[1] Pursuant to the Order of Reference dated June 2, 2006 (doc. # 16) and the memorandum dated September 18, 2006 (doc. # 51), this matter was referred to the Magistrate Judge. The court has reviewed the pending Motion and associated briefs, the pleadings, the entire case file, and the applicable law and is sufficiently advised in the

---

[1] By a separate Motion, Defendants have also moved to dismiss Claim Two pursuant to Rule 12(b)(1) and Rule 12(b)(6) based on sovereign immunity and for failure to state a private cause of action and in the alternative for a more definite statement with respect to Claim Two pursuant to Rule 12(e).

1

premises.

I.	Statement of the Case

Mr. Thomas is currently serving a period of supervision following release from incarceration. Mr. Thomas proceeds in this matter *pro se.* Mr. Thomas' claims arise out of events that occurred during his incarceration at the United States Penitentiary in Florence, Colorado ("USP Florence"). Two claims remain before the court: Claim One asserted against the individual Defendants in their individual capacities for violation of the Eighth Amendment pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); and Claim Two asserted against all Defendants for violation of "Federal and State Laws" only to the extent that the claim "can be read to include non-tort claims." (*See* "Order Affirming in Part and Rejecting in Part United States Magistrates Judge's Recommendation" (doc. # 66); "Order" (doc. # 80) at p. 2)).

Thomas alleges that in November or December of 2003, he suffered "a life threatening case of pneumonia." (Amended Complaint at p. 11 of 37). Thomas alleges pursuant to *Bivens*, 403 U.S. 388, that Defendants violated his Eighth Amendment rights when they repeatedly denied, delayed, and failed to provide him with proper medical attention. (*See* Amended Complaint at pp. 11, 17 of 37). Thomas further alleges that Defendants violated "Federal and State Laws regarding the government's obligation to provide medical care . . . ." (*See* Amended Complaint at pp. 18-21 of 37). After withdrawing his requests for declaratory judgment and permanent injunctive relief, Thomas seeks compensatory and punitive damages. (*See* Amended Complaint at pp. 24-26 of 37;

2

Thomas' Response (doc. # 38) at p. 11; Thomas' Surreply (doc. # 43) at p. 6; Recommendation (doc. # 49) at p. 6).

Defendants move to dismiss Claim One against the individual Defendants in their individual capacities pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

II.   Exhaustion of Administrative Remedies as Threshold Issue

Defendants argue that Claim One must be dismissed because Thomas has not exhausted his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). Prior to filing this civil action, Thomas was required to exhaust administrative remedies pursuant to the PLRA. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Section 1997e(a) provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

At the time Defendants' Motion to Dismiss was filed, the Tenth Circuit interpreted the PLRA as imposing "a pleading requirement." *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). "A complaint that fails to allege the requisite exhaustion of remedies [was] tantamount to one that fails to state a claim upon which relief may be granted." *Steele*, 355 F.3d at 1210. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its

outcome, the action must be dismissed under § 1997e." *Steele*, 355 F.3d at 1211 (internal quotation marks and citation omitted).

"The Supreme Court recently rejected our rule in *Steele*, however, and set forth a new standard to govern PLRA lawsuits: 'failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints.' " *Roberts v. Barreras*, 2007 WL 1113956 at * 4 (quoting *Jones v. Bock*, --- U.S. ----, ----, 127 S.Ct. 910, 921, 166  (Jan. 22, 2007) and citing *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223 (10th Cir. (Kan.) Mar. 5, 2007)).  Now "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 2007 WL 1113956 at * 4.  *See also* "Order Affirming in Part and Rejecting in Part United States Magistrates Judge's Recommendation" (doc. # 66) at pp. 5-6 ("Because Plaintiff is not required to demonstrate exhaustion in his complaint, I find that Defendants' Motion to Dismiss for failure to Exhaust Administrative Remedies [Docket # 27] is without merit and should be Denied").

In their September 15, 2006 Motion, Defendants argue that the exhaustion requirement obliges the court to dismiss the Amended Complaint because Thomas' Request for Administrative Remedy, Case No. 333796-F1, submitted to the United States Bureau of Prisons ("BOP") on May 11, 2004, was untimely filed.  "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' – rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 127 S. Ct. at 922.  "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly

4

exhaust.' " *Jones*, 127 S. Ct. at 922-23.  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones*, 127 S. Ct. at 923.

The United States Supreme Court recently considered "whether a prisoner can satisfy the Prison Litigation Reform Act's exhaustion requirement, 42 U.S.C. § 1997e(a), by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006).  The Court held "that proper exhaustion of administrative remedies is necessary."  *Woodford*, 126 S. Ct. at 2382.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Woodford*, 126 S. Ct. at 2386.  "[C]laims that have been properly denied by the prison as untimely are, practically speaking, procedurally defaulted, and thus may be dismissed from the complaint individually and with prejudice."  *Kikumura v. Osagie*, 461 F.3d 1269, 1289 (10th Cir 2006).

To their Motion, Defendants have attached two sworn declarations and several exhibits regarding their exhaustion argument.  (*See* docs. # 48-2, # 48-4, # 48-7, # 48-8, # 48-9, # 48-10, and # 48-11).  To his Response, Mr. Thomas has attached "Exhibits D and E." (*See* docs. # 59-2 and #59-3).  If, on a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . ."  Fed. R. Civ. P. 12(b);

*see also Wheeler v. Hurdman*, 825 F.2d 257, 260 (10th Cir. 1987) ("it was appropriate for the court . . . to convert the motion to a Rule 56 motion when extraneous evidence was submitted . . . ").

Because materials outside the pleadings have been submitted and because failure to exhaust is an affirmative defense, the court hereby notifies the parties that it will treat Defendants' Motion as one for summary judgment under Fed. R. Civ. P. 56 as to the issue of exhaustion of administrative remedies. "Rule 56(c) in turn requires that the opposing party be given ten days notice prior to hearing of the motion within which to file opposing affidavits." *Building and Const. Dept. v. Rockwell Intern. Corp.*, 7 F.3d 1487, 1496-97 (10th Cir. 1993).

Accordingly, IT IS ORDERED that:

1.   The parties are hereby notified that the court will treat Defendants' Motion to Dismiss (doc. # 48) as a motion for summary judgment under Fed. R. Civ. P. 56 as to the issue of exhaustion of administrative remedies.

2.   **On or before May 22, 2007**, the parties may file any further materials outside the pleadings that they wish to file regarding the pending issue of exhaustion of administrative remedies.

DATED at Denver, Colorado, this 4th day of May, 2007.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge

6