IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00063-WYD-CBS

DAVID SAVOY THOMAS,
        Plaintiff,
v.

US BUREAU OF PRISONS,
CALVIN L. POLLAND,
C.B. COLLINS,
R. MILLER,
G. DRENNAN,
JOHN DOE,
PAULA PRICE,
HECTOR A. RIOS, JR., and
J.E. GUNJA,
        Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on: (1) "Defendants' Motion to Dismiss to

the Extent Defendants are Sued in Their Individual Capacities" (filed September 15, 2006)

(doc. # 48); and (2) "Defendants' Motion to Dismiss or, in the Alternative, Motion for More

Definite Statement" (filed March 27, 2007) (doc. # 86).  Pursuant to the Order of Reference

dated June 2, 2006 (doc. # 16) and the memoranda dated September 18, 2006 (doc. # 51)

and March 28, 2007 (doc. # 87), these matters were referred to the Magistrate Judge.  The

court has reviewed the pending Motions, Mr. Thomas' "Memorandum Brief Reply"

("Response") (filed November 6, 2006) (doc. # 59), Mr. Thomas' Response (filed April 26,

2007) (doc. # 97), "Defendants' Reply in Support of Motion to Dismiss or, in the

1

Alternative, Motion for More Definite Statement" (filed May 22, 2007) (doc. # 100), Mr.

Thomas' "Affidavit Opposing Summary of Judgment" (filed May 29, 2007) (doc. # 101), Mr.

Thomas' "Response to Defendants' Motion of Summary of Judgment Under Rule 56" (filed

May 29, 2007) (doc. # 102), the pleadings, certain exhibits, the entire case file, and the

applicable law and is sufficiently advised in the premises.


I.      Statement of the Case

        Mr. Thomas is currently serving a period of supervision following release from

incarceration.  Mr. Thomas proceeds in this matter *pro se.*  Mr. Thomas' claims arise out

of events that occurred during his incarceration at the United States Penitentiary in

Florence, Colorado ("USP Florence") in 2003.  Two claims remain before the court: Claim

One asserted against the individual Defendants for violation of the Eighth Amendment

pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S.

388 (1971); and Claim Two asserted against all Defendants for violation of "Federal and

State Laws" only to the extent that the claim "can be read to include non-tort claims." (*See*

"Order Affirming in Part and Rejecting in Part United States Magistrate Judge's

Recommendation" (doc. # 66); "Order" (doc. # 80) at p. 2).

        Mr. Thomas alleges that in November or December of 2003, he suffered "a life

threatening case of pneumonia."  (Amended Complaint at p. 11 of 37).  Mr. Thomas

alleges pursuant to *Bivens*, 403 U.S. at 388, that the individual Defendants violated his

Eighth Amendment rights when they repeatedly denied, delayed, and failed to provide him

with proper medical attention.  (*See* Amended Complaint at pp. 11, 17 of 37).  Mr. Thomas

further alleges that all of the Defendants violated "Federal and State Laws regarding the government's obligation to provide medical care . . . ." (*See* Amended Complaint at pp. 18-21 of 37).   After withdrawing his requests for declaratory judgment and permanent injunctive relief, Mr. Thomas continues to seek compensatory and punitive damages. (*See* Amended Complaint at pp. 24-26 of 37; Mr. Thomas' Response (doc. # 38) at p. 11; Mr. Thomas' Surreply (doc. # 43) at p. 6; Recommendation (doc. # 49) at p. 6).

Defendants move to dismiss Claim One against the individual Defendants pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.   Defendants also move to dismiss Claim Two pursuant to Rule 12(b)(1) and Rule 12(b)(6) based on sovereign immunity and for failure to state a private cause of action.   In the alternative, Defendants move pursuant to Rule 12(e) for a more definite statement with respect to Claim Two.

II.      Standard of Review

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a motion to dismiss may be granted if the court does not have subject matter jurisdiction over the matter.   In addressing a jurisdictional challenge, the court need not presume all of the allegations contained in the amended complaint to be true, "but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. . . ." *United States v. Rodriguez Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001) (citation omitted).

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." When reviewing a Rule 12(b)(6) motion to dismiss, the court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Ramirez v. Dep't of Corrections*, 222 F.3d 1238, 1240 (10th Cir.2000) (citation omitted). Dismissal for failure to state a claim upon which relief may be granted does not require the appearance beyond a doubt that plaintiff can prove no set of facts in support of claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1968-69 (U.S. May 21, 2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp.*, 127 S.Ct. at 1969.

The court must construe Mr. Thomas' Complaint and other papers liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[a] pro se litigant's pleadings are to be construed liberally") (citations omitted). However, the court cannot be a *pro se* litigant's advocate. *Hall*, 935 F. 2d at 1110. A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort*

4

*Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

> Defendants move in the alternative for a more definite statement as to Claim Two.
>
> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement . . . . The motion shall point out the defects complained of and the details desired.  If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed. R. Civ. P. 12(e).

To their first Motion to Dismiss (doc. # 48), Defendants attached two sworn declarations and several exhibits regarding their exhaustion argument.  (*See* docs. # 48-2, # 48-4, # 48-7, # 48-8, # 48-9, # 48-10, and # 48-11).  To his Response, Mr. Thomas attached "Exhibits D and E."  (*See* docs. # 59-2 and # 59-3).  On May 4, 2007, the court notified the parties that it would treat Defendants' Motion to Dismiss (doc. # 48) as a motion for summary judgment under Fed. R. Civ. P. 56 as to the issue of exhaustion of administrative remedies.  The court permitted the parties to file on or before May 22, 2007 any further materials outside the pleadings regarding the issue of exhaustion of administrative remedies.  On May 22, 2007, Defendants filed their "Reply in Support of Motion to Dismiss or, in the Alternative, Motion for More Definite Statement" (doc. # 100).  On May 29, 2007, Mr. Thomas filed his  "Affidavit Opposing Summary of Judgment" (doc. # 101) and his "Response to Defendants' Motion of Summary of Judgment Under Rule 56"

(doc. # 102).

> Granting summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  A genuine issue of material fact exists only where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  Only disputes over facts that might affect the outcome of the case will properly preclude the entry of summary judgment.

*Cline v. Western Horseman, Inc,.* 922 F. Supp. 442, 444 (D. Colo. 1996) (citations

omitted).


III.    Analysis

A.    Motion to Dismiss to Extent Defendants are Sued in Their Individual Capacities – Exhaustion of Administrative Remedies

Mr. Thomas has conceded and District Judge Daniel has ruled that Claim One

alleges violation of Mr. Thomas' Eighth Amendment rights only against the individual

Defendants pursuant to *Bivens*, 403 U.S. 388.  (*See* Mr. Thomas' Surreply (doc. # 43) at

pp. 2-5; Order (doc. # 80) at p. 2).  The individual Defendants argue, among other things,

that Claim One must be dismissed because Mr. Thomas has not exhausted his

administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C.

§1997e(a).

Prior to filing this civil action, Mr. Thomas was required to exhaust administrative

remedies pursuant to the PLRA.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Section

1997e(a) provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

6

available are exhausted.

At the time Defendants' Motion to Dismiss was filed, the Tenth Circuit interpreted the PLRA as imposing "a pleading requirement." *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003), *cert. denied*, 543 U.S. 925 (2004), *abrogated by Jones v. Bock*, --- U.S. ----, ----, 127 S.Ct. 910, 921, 166 (Jan. 22, 2007). "A complaint that fails to allege the requisite exhaustion of remedies [was] tantamount to one that fails to state a claim upon which relief may be granted." *Steele*, 355 F.3d at 1210. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Steele*, 355 F.3d at 1211 (internal quotation marks and citation omitted).

"The Supreme Court recently rejected our rule in *Steele*, however, and set forth a new standard to govern PLRA lawsuits: 'failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints.' " *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007) (quoting *Jones v. Bock*, 127 S.Ct. at 921 and citing *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223 (10th Cir. (Kan.) Mar. 5, 2007)). Now "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d at 1241. *See also* "Order Affirming in Part and Rejecting in Part United States Magistrates Judge's Recommendation" (doc. # 66) ("Plaintiff's Complaint, on its face, does not show that relief is barred by lack of exhaustion of administrative remedies . . . Because Plaintiff is not required to demonstrate exhaustion in his complaint, I find that Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies

. . . should be denied.").  Based upon this clarification of the burden of proof, the court notified the parties on May 4, 2007 that it would treat Defendants' Motion to Dismiss as a motion for summary judgment under Fed. R. Civ. P. 56 and permitted the parties to file any further materials outside the pleadings regarding the issue of exhaustion of administrative remedies.

"[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' – rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 127 S. Ct. at 922 (quoting *Woodford v. Ngo*, 548 U.S. ----, ----, 126 S. Ct. 2378, 2384 (2006)). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' " *Jones*, 127 S. Ct. at 922-23.  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 127 S. Ct. at 923.

The United States Supreme Court recently considered "whether a prisoner can satisfy the Prison Litigation Reform Act's exhaustion requirement, 42 U.S.C. § 1997e(a), by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford*, 126 S. Ct. at 2382.  The Court held "that proper exhaustion of administrative remedies is necessary." *Woodford*, 126 S. Ct. at 2382.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 126 S. Ct. at 2386.

8

Defendants argue that the exhaustion requirement obliges the court to dismiss the Amended Complaint because Mr. Thomas' Request for Administrative Remedy, Case No. 333796-F1, submitted to the United States Bureau of Prisons ("BOP") on May 11, 2004, was untimely filed.  The court may take judicial notice of the BOP's administrative process.  *See Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir. 1984) (court can take judicial notice of agency rules and regulations);  *Antonelli v. Ralston*, 609 F.2d 340, 341, n. 1 (8th Cir.1979) (judicial notice taken of Bureau of Prisons' Program Statement).  The BOP grievance process is set forth at 28 C.F.R. §§ 542.10 -.19.  At the time Mr. Thomas filed his Request for Administrative Remedy on May 11, 2004, the BOP had a four-step administrative process through which an inmate may "seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10, *et seq.* (2004).  "[A]n inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy."  28 C.F.R. § 542.13(a) (2004).  "The deadline for completion of  informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (B-9), is 20 calendar days following the date on which the basis for the Request occurred."  28 C.F.R. § 542.14(a) (2004).  The Warden must respond within 20 calendar days. 28 C.F.R. § 542.18 (2004).  If unsatisfied with the Warden's response, the inmate may file "an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."  28 C.F.R. § 542.15(a) (2004).  The Regional Director must respond within 30 days.  28 C.F.R. § 542.18 (2004).  If unsatisfied with the Regional Director's response, the prisoner "may

submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15(a) (2004). The General Counsel must respond within 40 days. 28 C.F.R. § 542.18 (2004). "If the inmate does not receive a response within the time allotted for reply, . . . the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18 (2004).

Mr. Thomas has submitted an excerpt of the Admission and Orientation Handbook for USP-Florence dated January 1996 in support of his position that he adequately exhausted his administrative remedies. (*See* doc. # 102 at pp. 10-12 of 12). Mr. Thomas' submission indicates:

> The first step of the Administrative Remedy procedure is to attempt an informal resolution. If the issue cannot be informally resolved, the Counselor will issue a BP-229 (BP-9) form (usually within 48 hours of the time the inmate approached the employee with the problem). The inmate will return the completed BP-229 to the staff member designated by the Warden, who will review the material to insure an attempt at informal resolution was made. The BP-229 complaint must be filed within fifteen (15) calendar days from the date on which the basis for the incident or complaint occurred, unless it was not feasible to file within that period of time. Institution staff have fifteen (15) calendar days to act on the complaint and to provide a written response to the inmate. This time limit for the response may be extended for an additional fifteen (15) calendar days, but the inmate must be notified of the extension. . . .

> If the inmate is not satisfied with the response to the BP-229, he or she may file an appeal to the Regional Director. This appeal must be received in the Regional Office within twenty (20) calendar days from the date of the BP-229 response. The Regional Appeal is written on a BP-230 (BP-10) from and must have a copy of the BP-229 form and response attached. The Regional Appeal must be answered within thirty (30) calendar days, but the time limit may be extended an additional thirty(30) days. The inmate must be notified of the extension.

> If the inmate is not satisfied with the response by the Regional Director, he or she may appeal to the Central Office of the Bureau of Prisons. The National Appeal must be made on a BP-231 (BP-11) form and must have copies of the BP-229 and BP-230 forms with responses.

(*See* doc. # 102 at pp. 11-12 of 12).

Mr. Thomas' claims are based on events that happened in November and December of 2003. (*See* Amended Complaint at pp. 11-16 of 37). It is undisputed that after attempting informal resolution on April 28, 2004, Mr. Thomas filed his Request for Administrative Remedy on May 11, 2004, approximately 4 months after the events that formed the basis for the Request occurred. (*See* Inmate Attempt at Informal Resolution, Amended Complaint at p. 34 of 37; Request for Administrative Remedy, Case No. 333796-F1, Amended Complaint at p. 33 of 37; *see also* doc. # 102 at pp. 7-9 of 12). Mr. Thomas' initial Request for Administrative Remedy was immediately denied as untimely. (*See* Rejection Notice - Administrative Remedy, Amended Complaint at p. 31 of 37; *see also* doc. # 102 at p. 5 of 12). Mr. Thomas filed an appeal to the Regional Office on May 24, 2004 that was rejected on May 28, 2004. (*See* Regional Administrative Remedy Appeal, Amended Complaint at p. 29 of 37). Mr. Thomas filed an appeal to the Central Office on July 29, 2004 that was rejected on August 11, 2004. (*See* Central Office Administrative Remedy Appeal, Amended Complaint at p. 27 of 37).

Mr. Thomas argues that "[i]f a prison accepts a belated filing, and considers it on the merits, that step makes the filing proper for purposes of state law and avoids exhaustion, default, and untimeliness hurdles in federal court." (Mr. Thomas' Response at p. 17). However, the BOP rejected Mr. Thomas' initial Request for Administrative

Remedy as untimely without implying any view about the merits of the grievance.  An untimely administrative claim is unexhausted.  *Woodford*, 126 S. Ct. at 2384-86.  *See also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (prisoner's untimely administrative appeal did not serve to exhaust administrative remedies) (cited in Mr. Thomas' Response at p. 17).

Mr. Thomas also argues that he "did not know the total extent of my injuries or what cause [sic] them until April 28, 2004, when I filed my administrative complaint approximately 160 days after my injury. . . ." (*See* doc. # 101 at p. 3 of 8).  Mr. Thomas appears to argue that he need not file his administrative complaint until he knows the full extent of his injuries resulting from the Defendants' allegedly inadequate medical care.

Mr. Thomas' Amended Complaint alleges that Defendants inflicted cruel and unusual punishment in violation of the Eighth Amendment by denial, delay, and failure to properly treat his medical condition.  Mr. Thomas alleges that Defendants failed to treat his condition from November 20, 2003 to December 6, 2003 notwithstanding his repeated complaints.  (*See* Amended Complaint (doc. # 4) at pp. 11-17 of 37).  Mr. Thomas alleges that he was taken to an outside hospital on December 6, 2003, treated for several hours, and returned to the prison.  (*See* Amended Complaint (doc. # 4) at p. 15 of 37).  On the morning of December 7, 2003 he was again taken to an outside hospital where he remained for seventeen days "due to the inadequate medical care he had received prior to his hospitalization." (*See* Amended Complaint (doc. # 4) at p. 16 of 37).

Pursuant to 28 C.F.R. § 542.14(a) (2004), the deadline for "submission of a formal written Administrative Remedy Request, on the appropriate form (B-9), is 20 calendar days

12

following the date on which the basis for the Request occurred." The conduct complained of had occurred not later than the end of December 2003. Mr. Thomas alleges that Defendants adhered to their inadequate treatment of his condition throughout November and December. The alleged refusal to provide proper treatment would have continued for as long as the Defendants had the power to do something about Mr. Thomas' condition, which is until he was taken to an outside hospital for the second time on December 7, 2003. Mr. Thomas' allegations indicate that he was experiencing the continuing effects of the Defendants' initial alleged failure to treat his condition. Cf. *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) (Defendants' act was a one-time act with continued consequences); *Tolbert v. State of Ohio Dept. of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999) ("continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation"). For purposes of filing a formal written Administrative Remedy Request pursuant to 28 C.F.R. § 542.14(a) (2004), the date on which the basis for the Request occurred was the date Mr. Thomas discovered he had a medical problem that required attention, no later than the end of December 2003.

Mr. Thomas argues that he filed his May 11, 2004 Request for Administrative Remedy "as soon as it was feasible" pursuant to the Admission and Orientation Handbook for USP-Florence dated January 1996. Even if the Admission and Orientation Handbook governs, Mr. Thomas has not demonstrated that it was not feasible to file a Request for Administrative Remedy prior to May 11, 2004. Mr. Thomas' own representations indicate that he engaged in various activities after his release from the hospital on December 24, 2003, including attending numerous appointments and filing various requests. (*See*

Exhibit D to Thomas' Response (doc. # 59-2) at pp. 2-16 of 16).  Mr. Thomas states that

after he was released from the hospital and returned to USP-Florence on December 24,

2003, Defendants "continued to act with deliberate indifference to [his aftercare] needs

until February 6, 2004." (*See* Mr. Thomas' Response (doc. # 59) at p. 10 of 21; *see also*

Exhibit D to Thomas' Response (doc. # 59-2)).  Thus, even Mr. Thomas' arguments

indicate that

Defendants ceased to act with deliberate indifference to his medical needs by February

6, 2004.  There is no basis in the record before the court to find that it was not feasible for

Mr. Thomas to file an administrative complaint regarding the grounds for Claim One before

May 11, 2004.  Under either the Admission and Orientation Handbook for USP-Florence

dated January 1996 (doc. # 102 at pp. 10-12 of 12) or 28 C.F.R. § 542.14(a) (2004), Mr.

Thomas' May 11, 2004 Request for Administrative Remedy was not timely filed.

"[C]laims that have been properly denied by the prison as untimely are, practically

speaking, procedurally defaulted, and thus may be dismissed from the complaint

individually and with prejudice."  *Kikumura v. Osagie*, 461 F.3d 1269, 1289 (10th Cir.

2006).  The failure to exhaust administrative remedies requires dismissal of Mr. Thomas'

Claim One.

B.    Motion to Dismiss or, in the Alternative, for More Definite Statement

Defendants move to dismiss Claim Two pursuant to Rule 12(b)(1) and Rule 12(b)(6)

based on sovereign immunity and for failure to state a private cause of action.  In the

alternative, Defendants move pursuant to Rule 12(e) for a more definite statement with

respect to Claim Two.

In Claim Two, Mr. Thomas alleges violation of "Federal and State Laws" and cites Title 28 C.F.R. 45.  (*See* Amended Complaint (doc. # 4) at pp. 18, 21 of 37).  In his Response to Defendants' Motion, Mr. Thomas continues to rely on 28 C.F.R. 45.  (*See* Mr. Thomas' Response (doc. # 97) at pp. 10-11 of 15).  Mr. Thomas further clarifies that in Claim Two he seeks "criminal civil right [sic] charges under federal law and state criminal law charges for failing to give information and render aid, and/or failure to give medical-emergency."  (*See* Mr. Thomas' Response (doc. # 97) at p. 11 of 15).  Mr. Thomas argues that "[a]dditionally, defendants violated federal law pursuant to 18 U.S.C. § 4042 and state law pursuant to Colo. Rev. Stat. § 24-10-106(1)(b), which includes the provision of medical care necessary for basic health of those who are punished with incarceration."  (Mr. Thomas' Response (doc. # 97) at p. 13 of 15).[1]

First, Mr. Thomas may not pursue a claim under 18 U.S.C. § 4042, which establishes the general duties of the BOP, because that statute does not provide a private cause of action against BOP officials in their individual capacities.  *Harper v. Williford*, 96 F.3d 1526, 1527-28 (D.C. Cir. 1996) (citing *Chinchello v. Fenton*, 805 F.2d 126, 134 (3d Cir. 1986) ("We do not believe it can fairly be said that this statute was intended to assign

---

[1]     18 U.S.C. § 4042 provides, in part:
The Bureau of Prisons, under the direction of the Attorney General, shall -
(1) have charge of the management and regulation of all Federal penal and correctional institutions;
(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise:
(3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States; . . .

15

any specific responsibility to the Director personally or to create a private right of action against him in favor of the inmates under his indirect care"). *See also Williams v. United States*, 405 F.2d 951, 954 (9th Cir. 1969) (the only cause of action available through 18 U.S.C. § 4042 is pursuant to the Federal Tort Claims Act). No private cause of action is created under 18 U.S.C. § 4042 and, thus, "no cause of action exists within [a] regulation promulgated pursuant to the statute." *Gibson v. Matthews*, 715 F. Supp. 181, 189-90 (E.D. Ky. 1989). Claim Two is properly dismissed to the extent that it alleges a violation of 18 U.S.C. § 4042.

Neither do the federal or state criminal statutes cited by Mr. Thomas provide for a private cause of action. *See generally Diamond v. Charles*, 476 U.S. 54, 64-65, 106 S.Ct. 1697 (1986) (noting that private citizens cannot compel enforcement of criminal law). Mr. Thomas, as a private citizen, does not allege any authority by which he may enforce violations of federal or state criminal law. *See, e.g., Blessing v. Freestone*, 520 U.S. 329, 340 (1997) ("In order to seek redress through § 1983, . . . a plaintiff must assert the violation of a federal right, not merely a violation of federal law"). Claim Two is properly dismissed to the extent that it alleges violations of criminal statutes.

Nor does Mr. Thomas state a claim against the Defendants for violation of the Colorado Governmental Act ("CGIA"), Colo. Rev. Stat. § 24-10-106. By enacting § 24-10-106, the legislature "restored the doctrine of sovereign and governmental immunity and also carved out a limited number of exceptions waiving immunity for various governmental acts." *Bertrand v. Bd. of County Commissioners of Park County*, 872 P.2d 223, 226 (Colo. 1994) (*en banc*). The CGIA "bars any claim against a public entity for injuries that lie in

16

tort or could lie in tort." *Bertrand*, 872 P.2d at 227.  Here, District Judge Daniel has ruled that Claim Two remains in this lawsuit only to the extent that the claim "can be read to include non-tort claims."  (*See* "Order Affirming in Part and Rejecting in Part United States Magistrate Judge's Recommendation" (doc. # 66); "Order" (doc. # 80) at p. 2).  Mr. Thomas' reliance on Colo. Rev. Stat. § 24-10-106 as the basis for Claim Two is contrary to Judge Daniel's previous determination.  Claim Two is properly dismissed to the extent that it alleges a violation of Colo. Rev. Stat. § 24-10-106.

Finally, the court determines that Claim Two fails to state a claim against the Defendants for violation of 28 C.F.R. Part 45.  Mr. Thomas acknowledges that "28 C.F.R. Part 45 may in and of itself not provide a private cause of action," but asserts that it "establishes a standard of conduct for department employees" and "a legal force giving this Court jurisdiction."  (*See* Mr. Thomas' Response (doc. # 97) at pp. 11, 13).  Title 28 C.F.R. Part 45 is entitled "Standards of Conduct" for officers and employees of the Department of Justice.  Part 45 includes Sections 45.1 through 45.13, which govern "Cross-reference to ethical standards and financial disclosure regulations," "Disqualification arising from personal or political relationship," "Disciplinary Proceedings under 18 U.S.C. 207(j)," "Personal Use of Government Property," "Procedures to promote compliance with crime victims' rights obligations," "Reporting to the Office of the Inspector General," "Reporting to the Department of Justice Office of Professional Responsibility," and "Duty to cooperate in an official investigation."  28 C.F.R. Part 45, §§ 45.1-45.13.

"Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not."

17

*Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) (citation omitted). "Thus, when a statute has provided a general authorization for private enforcement of regulations, it may perhaps be correct that the intent displayed in each regulation can determine whether or not it is privately enforceable." *Alexander v. Sandoval*, 532 U.S. at 291. "But it is most certainly incorrect to say that language in a regulation can conjure up a private cause of action that has not been authorized by Congress." *Alexander v. Sandoval*, 532 U.S. at 291. *See also, e.g., Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 173 (1994) (private plaintiff may not bring a suit based on a regulation [17 C.F.R. § 240.10b-5] against a defendant for acts not prohibited by the text of the statute that controls [15 U.S.C. § 78j]).

Mr. Thomas has not cited and the court has not found any statute that provides a basis for creating a private right of action pursuant to the "Standards of Conduct" set forth in 28 C.F.R. Part 45.  In fact, the regulations relied on by Mr. Thomas appear to refute Mr. Thomas' argument that Part 45 creates a private right of action against the Defendants. *See* 28 C.F.R. § 45.2(d) ("This section pertains to agency management and is not intended to create rights enforceable by private individuals or organizations").

Mr. Thomas has not cited any authority that the United States' sovereign immunity has been waived as to any claim he seeks to bring under 28 C.F.R. Part 45.  Further, Mr. Thomas' claim for violation of Title 28 C.F.R. Part 45 equates to a claim based upon negligence or wrongdoing on the part of the Defendants.  (*See* Mr. Thomas' Response (doc. # 97) at p. 13 (arguing violation of a standard of conduct under Part 45).  District Judge Daniel has determined that Claim Two may be asserted only to the extent that it

"can be read to include non-tort claims." (*See* "Order Affirming in Part and Rejecting in Part United States Magistrate Judge's Recommendation" (doc. # 66); "Order" (doc. # 80) at p. 2). For all of these reasons, Claim Two may properly be dismissed for failure to state a claim.

IV.    Conclusion

As Claims One and Two are properly dismissed for the reasons stated above, the court need not reach the other arguments set out in the parties' briefs, including whether Claim One must be dismissed as barred by the statute of limitations, whether Defendants are entitled to qualified immunity, whether the court lacks personal jurisdiction over Defendant Drennan, whether final judgment on the FTCA claim bars the *Bivens* claim, and whether collateral estoppel/res judicata bars Defendants' Motion to Dismiss.

Accordingly, IT IS RECOMMENDED that:

1.    "Defendants' Motion to Dismiss to the Extent Defendants are Sued in Their Individual Capacities" (filed September 15, 2006) (doc. # 48) be GRANTED based on Mr. Thomas' failure to timely exhaust administrative remedies and that Claim One of the Amended Complaint be dismissed with prejudice.

2.    "Defendants' Motion to Dismiss (filed March 27, 2007) (doc. # 86) be GRANTED and Claim Two be DISMISSED for failure to state a claim for relief.

3.    In light of Mr. Thomas' Response clarifying his Claim Two, Defendants' Motion in the Alternative for More Definite Statement (filed March 27, 2007) (doc. # 86) be

DENIED as moot.

## Advisement to the Parties

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583;  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations

of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 5th day of June, 2007.

BY THE COURT:


   s/Craig B. Shaffer
United States Magistrate Judge