IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00063-WYD-CBS

DAVID SAVOY THOMAS,

      Plaintiff,

v.

U.S. BUREAU OF PRISONS,
CALVIN L. POLLAND,
C.B. COLLINS,
R. MILLER,
G. DRENNAN,
JOHN DOE,
PAULA PRICE,
HECTOR A. RIOS JR.,
J.E. GUNJA, and
UNITED STATES OF AMERICA,

      Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court on two motions:  Defendants' Motion to Dismiss to the Extent Defendants are Sued in Their Individual Capacities (filed September 15, 2006) and Defendants' Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (filed March 27, 2007).  These motions were referred to Magistrate Judge Shaffer for a recommendation by Order of Reference dated June 2, 2006, and memoranda dated September 18, 2006, and March 18, 2007.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

A Recommendation of United States Magistrate Judge was filed on June 6, 2007, which recommends that the case be dismissed.  Specifically, Magistrate Judge Shaffer recommends that Defendants' Motion to Dismiss to the Extent Defendants are Sued in Their Individual Capacities be granted as to claim one based on Plaintiff's failure to timely exhaust administrative remedies.  He also recommends that Defendants' Motion to Dismiss filed in March 2007 be granted as to claim two for failure to state a claim for relief.  *Recommendation* at 19.

Plaintiff filed objections to the Recommendation on July 10, 2007, after having received an extension of time to do so.  A response to the objections was filed on July 25, 2007.  Plaintiff filed a supplement on August 13, 2007, which I will treat as a reply to Defendants' response.  The objections necessitate a de novo determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).  For the reasons set forth herein, Plaintiff's objections are overruled and the Recommendation is affirmed and adopted by the Court.

Plaintiff first objects to the recommendation to dismiss Defendants to the extent they are sued in their individual capacities for failure to time exhaust administrative remedies.  Among other objections, he submits that "he has done all that is humanly possible to exhaust all available administrative remedies once it became feasible for him to do so considering the many complications he suffered as a result of his injuries and those associated with the powerful drugs he was taking at the time." Objections at 5.  Plaintiff also asserts that Defendants narrowly interpret the dates and events

-2-

surrounding the claims and attempt to minimize the extent of the "deliberate indifference" towards Plaintiff's treatment for a serious illness.  Further, he asserts that it is undisputed that he was not fully recovered from his life threatening illness until approximately April 28, 2004.  Plaintiff argues additionally that by denying his administrative request for a remedy, Defendants denied Plaintiff due process.  Finally, he argues that if officials choose not to address the issues once they are placed on notice through their own administrative remedy process by accepting and answering a portion of the grievance, then the requirements of exhaustion have been met.

Turning to the merits of the recommendation as to claim one, it is undisputed that the claim is based on events that happened in November and December of 2003. Plaintiff knew or should have known, by the end of December, of Defendants' alleged actions and inactions that are the subject of this claim, including the alleged failure to provide him proper medical attention for his pneumonia.  While Plaintiff argues that he did not discover the full extent of his injuries until later, Plaintiff presents no evidence in support of that argument.  Thus, I find that Plaintiff was required to file a written administrative remedy request within 20 days following the end of that time frame, *i.e.*, by the end of December 2003.  *See* 28 C.F.R. § 542.14(a) (2004).

While Plaintiff argues that it was not feasible for him to file such request within that time period, he has not submitted evidence that demonstrates this.  Indeed, while he has submitted evidence that he was prescribed medication, he has not shown that this medication so incapacitated him that it was infeasible for him to file administrative remedies.  Further, while he argues that he had medical complications, he fails to

identify or provide evidence as to what complications he suffered. Indeed, the doctor's note that Plaintiff attaches to his objections states that Plaintiff could be assigned work duties so long as they were not too strenuous. This undercuts Plaintiff's argument of incapacity.[1]

Further, as Magistrate Judge Shaffer recognized, Plaintiff's own representations regarding activities that he engaged in after his release from the hospital in December 2003 show that he was not so incapacitated that it was infeasible for him to timely exhaust administrative remedies. In that regard, he attended various appointments and filed various requests. While Plaintiff argues that he relied on other inmates to assist him as to those activities, he does not explain why he could not have relied on those same inmates, if necessary, to assist him with the filing of his administrative remedy.

Finally on the issue of exhaustion of administrative remedies, I reject Plaintiff's argument that he exhausted his remedies (or that Defendants somehow waived their right to object to his failure to exhaust) because the BOP accepted and answered his original informal grievance request. As Magistrate Judge Shaffer correctly realized, the BOP rejected Plaintiff's initial request as untimely without implying any view about the merits of the grievance. This does not limit the BOP's ability to now contest Plaintiff's failure to timely exhaust administrative remedies. Further, Plaintiff has not shown a violation of due process.

---

[1] While Plaintiff argues that Defendants failed to present any sworn medical evidence or professional opinions in support of their argument that it was feasible for Plaintiff to pursue administrative remedies, this was not their obligation. Instead, Plaintiff had the burden to present evidence to show that it was not feasible for him to exhaust administrative remedies, which he failed to do.

As to the recommendation to dismiss count two of the complaint, Plaintiff's objections assert that while 28 C.F.R. § 45 may or may not create a private right of action, it does establish a code of conduct or standard that BOP officials must adhere to and that violation of the code impacts a private citizen's protective rights.  However, that regulation clearly states that it does not create a private right of action.  I adopt Magistrate Judge Shaffer's sound analysis of that regulation and why it does not provide a basis for Plaintiff's claim as discussed in the Recommendation at pp. 17-18.

Plaintiff also relies on the Court's discretion in applying any law as to claim two that it believes is applicable, as it is asserted that he has no access to state or federal case law that would assist him in pursuing this claim.  Alternatively, he requests that the Court appoint counsel for him.  These requests are denied.  Plaintiff has been given ample opportunity to state a valid basis for his claim in federal or state law, and has failed to do so.  It is "not the proper function of the district court to assume the role of advocate for the pro se litigant."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Finally, indigent civil litigants have no constitutional or statutory right to be represented by counsel, as explained in Magistrate Judge Shaffer's Order of March 13, 2007.

Based on the foregoing, it is

ORDERED that Recommendation of United States Magistrate Judge filed June 6, 2007, is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

ORDERED that Defendants' Motion to Dismiss to the Extent Defendants are Sued in Their Individual Capacities (filed September 15, 2006), which is treated as a

motion for summary judgment as to the issue of exhaustion of administrative remedies,

is **GRANTED** as to claim one of the Amended Complaint.  It is

FURTHER ORDERED that Defendants' Motion to Dismiss (filed March 27, 2007)

is **GRANTED** as to claim two of the Amended Complaint.  Finally, it is

ORDERED that since Plaintiff's claims have been dismissed, the Clerk of Court

shall enter judgment in favor of Defendant and against Plaintiff.

Dated:  September 21, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge